UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

STRUCTURAL POLYMER GROUP, LTD., )
and STRUCTURAL POLYMER )
SYSTEMS, LTD., )
 )
       Plaintiffs, )
 )
  vs. )   No. 4:05-CV-321 (CEJ)
 )
ZOLTEK CORPORATION, )
 )
       Defendant. )

**MEMORANDUM AND ORDER**

This matter is before the Court on plaintiffs' motion to compel responses to interrogatories and requests for production. Defendant opposes the motion and the issues are fully briefed.

**I. Background**

Plaintiffs Structural Polymer Group, Limited, (SPG) and Structural Polymer Systems, Limited, (SP Systems) bring against defendant Zoltek Corporation two claims for breach of contract, based upon defendant's alleged failure to supply two carbon fiber products -- PANEX 33 and PANEX 35 -- in compliance with an exclusive requirements contract. In Count I, plaintiffs claim that defendant breached the parties' agreement in 2004 by refusing to provide PANEX 35; in Count II, they allege that defendant refused to provide PANEX 33 in 2005. In its counterclaim for breach of contract, defendant alleges that plaintiffs purchased carbon fibers from other sellers without good reason, failed to promote defendant's product, disparaged defendant's product in the marketplace, and failed to make timely payments.

The parties dispute whether the 2000 Supply Agreement required defendant to provide PANEX 35 in addition to PANEX 33. The Court recently concluded that the Agreement is ambiguous on this point. Defendant additionally contends that it is not required to fill plaintiffs' 2005 orders for PANEX 33 because plaintiffs have not demonstrated that their orders reflect their actual needs; furthermore, defendant asserts, its supplier of precursor material is in Administration (the equivalent to bankruptcy in the United Kingdom). The central issues are: (1) whether the parties intended the Supply Agreement to require defendant to supply PANEX 35; (2) whether defendant breached the Agreement by refusing to supply PANEX 33 or was justified by plaintiffs' alleged breaches, plaintiffs' failure to provide proof of actual requirements and assurance of performance, and the impossibility of defendant's performance; and (3) damages arising from the alleged breaches. Extrinsic evidence is admissible to determine the parties' intent regarding the Supply Agreement.

**II. Motion to compel**

Interrogatory No. 2 requests information about defendant's business affiliations since January 1, 1999. Interrogatory No. 4 asks defendant to identify its organizational structure between January 1, 1999, and the present, including the names of officers and employees, that relate to defendant's manufacture and sale of the PANEX products. These interrogatories are overbroad and the Court will sustain defendant's objection.

Interrogatory Nos. 6 and 7 ask defendant to identify all persons involved in negotiating supply agreements between defendant and two companies – Vestas and Fiberblade – in 2004 and 2005. Document Request Nos. 13 and 14 request all documents related to the Vestas and Fiberblade agreements. In support of their requests, plaintiffs contend that defendant cannot or will not supply PANEX 33 and PANEX 35 because, after entering the Supply Agreement, it decided to sell directly to plaintiffs' customers, Vestas and Fiberblade. Evidence of defendant's motivation is relevant with regard to the parties' intent when it negotiated the 2000 Supply Agreement, and post-formation conduct may be relevant to that issue. In this instance, however, plaintiffs seek discovery related to defendant's motivation to deny that the Supply Agreement extends to PANEX 35, which the Court believes is a separate issue. Plaintiffs seek information that exceeds the scope of the contract issues and these requests will be denied.

Interrogatory Nos. 15 and 16, and Document Request Nos. 28 and 29, request information regarding defendant's production costs for PANEX 33 and PANEX 35 from 1999 to the present. Defendant declined to provide PANEX 35 based upon its construction of the Supply Agreement and its production costs are not relevant. The situation is different with regard to PANEX 33, which defendant now asserts it cannot supply due to the financial condition of its supplier for precursor material. Plaintiffs counter that the actual reason for defendant's refusal is its own production difficulties; defendant's costs related to PANEX 33 are therefore arguably relevant and the

Court will grant plaintiffs' motion to compel Interrogatory No. 15 and Document Request No. 28.

Interrogatory Nos. 9 and 10 ask defendant to identify the total tonnage of PANEX 33 and PANEX 35 manufactured in each year from 1999 through 2005, plus month-by-month figures for two different manufacturing plants between January 2001 and the present. Plaintiffs also seek the annual and monthly sales of PANEX 33 and PANEX 35 for each year to each of defendant's ten largest customers. Interrogatory No. 13 asks defendant to describe its expected monthly productions schedule for PANEX 33 and PANEX 35, including communications with potential suppliers of precursor, and any other factor that may influence defendant's ability to produce PANEX 33 and PANEX 35. Document Request Nos. 24, 25, and 26 request documents related to these interrogatories. Defendant's manufacturing capacity and sales of PANEX 33 and 35 are relevant to the claims and plaintiffs' motion will be granted with respect to these interrogatories and document requests.

Document Request No. 16 seeks all documents related to any agreement (contemplated or otherwise) involving the sale of PANEX 33 and PANEX 35 at any time. This request is overly broad in time. The parties did not begin to experience difficulties in their relationship until 2004. In addition, "contemplated" but unexecuted agreements have no bearing upon defendant's ability to supply PANEX products to plaintiffs. The Court will limit this request to documents related to executed agreements obligating defendant to supply PANEX 33 or PANEX 35 starting in 2004.

-4-

Interrogatory No. 17 asks defendant to identify, on an annual basis beginning in 1999, the amount of the PANEX 33 precursor it purchased. Document Request Nos. 17 and 30 seek all documents related to communications with manufacturers of precursor material. Defendant asserts that the requests seek information that is not relevant to the dispute. Defendant's ability obtain precursor to manufacture PANEX 33 may be relevant to determining the parties' intent when they entered the 2000 Supply Agreement; it is certainly relevant to its refusal to supply PANEX 33 in 2005. Defendant's objection will be overruled.

Document Request No. 20 seeks documents related to "the relationship between Zoltek, Zoltek RT, and Entec Composite Machines." Plaintiffs state that Entec Composite Machines is a company "closely affiliated with" defendant and offers products and services in the composite manufacturing industry. The mere fact of a corporate relationship, without more, is not sufficient to establish the relevance of the requested documents.

Document Request No. 31 requests all documents that "relate to margins in the carbon fiber industry, including but not limited to the 'obscene margins'" referred to by Zsolt Rumy, defendant's Chief Executive Officer in a conference call. Plaintiffs assert that this request is relevant to determining the parties' damages. Rule 26(a)(1)(C), Fed.R.Civ.P., requires the parties to disclose damages computations and the supporting documents. Document Request No. 31 is thus redundant and the objection to it will be sustained.

Also before the Court is defendant's motion for protective order directed to plaintiffs' Rule 30(b)(6) deposition notices. The depositions of defendant's corporate representatives have now occurred and the Court will deny the motion as moot.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion to compel responses to first set of interrogatories and request for production [#90] is **granted in part and denied in part**.

**IT IS FURTHER ORDERED** that the defendant shall have until **March 17, 2006**, to answer interrogatories and produce documents, as set forth above.

**IT IS FURTHER ORDERED** that plaintiffs' motion to compel [#78] is **denied as moot**.

**IT IS FURTHER ORDERED** that defendant's motion for leave to file a surreply memorandum [#88] is **granted**.

**IT IS FURTHER ORDERED** that defendant's motion for protective order [#63] is **denied as moot**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 7th day of March, 2006.