UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| STRUCTURAL POLYMER GROUP, LTD., and STRUCTURAL POLYMER SYSTEMS, LTD., | ) ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) No. 4:05-CV-321 (CEJ) ) |
| ZOLTEK CORPORATION, | ) ) |
| Defendant. | ) |

### **MEMORANDUM AND ORDER**

This matter is before the Court on defendant's motion for leave to take a second deposition of witness Adrian Williams, who originally appeared for deposition on January 31, 2006. Plaintiffs oppose the motion and the issues are fully briefed.

### **Background**

Adrian Williams is employed by plaintiff Structural Polymer Systems as Head of Sales. On May 25, 2005, Mr. Williams signed a three-page affidavit which was then faxed to plaintiffs' counsel. Counsel filed the affidavit on May 26, 2005, as an exhibit to a motion for leave to file an amended complaint. The filed affidavit differed from the version signed and faxed by Mr. Williams. Specifically, references to four attached exhibits were deleted from the filed version, and Mr. Williams's handwritten initials were deleted from the bottom right corner of each of the three pages. On November 21, 2005, plaintiffs filed the unaltered

version of the affidavit in opposition to defendant's motion for summary judgment.[1]

Defendant asserts that the affidavit contains material misstatements that would have been exposed by the deleted exhibits. Paragraph 5 of the unaltered affidavit stated:

> Our Supply Agreement with Zoltek is similar to our agreements with Vestas and Gamesas, with whom we have long-term supply agreements without fixed price and quantity terms. On an annual basis, we specify the price and type of prepreg to be supplied. **The long-term agreements are attached as Exhibits 1 and 2. Examples of the annual specifications are attached as Exhibits 3 and 4.**

(emphasis added). The highlighted portion was removed from the affidavit before it was submitted to the Court.

Defendant asserts that plaintiffs did not have long-term prepreg supply agreements with Vestas and Gamesa in May 2005. For support, they cite Mr. Williams's testimony at deposition that, following a bidding process in mid-2004, Vestas selected a different supplier for prepreg. Plaintiffs concede that their long-term supply agreements with Vestas and Gamesa are for products other than prepreg.

Paragraph 6 of the Williams affidavit states that:

> In the composites industry, the specifications demanded by the end customer determines the types of carbon fibers used in prepregs. For their wind energy applications, Vestas and

---

[1] Plaintiffs state that one of the exhibits was a 50-page document written in Spanish. Upon reviewing the agreements on May 25, 2005, counsel decided not to file the exhibits and, accordingly, obtained Mr. Williams's permission to alter the affidavit by removing the citations. In November 2005, the unaltered "original draft" was "mistakenly filed" by co-counsel who "was unaware of the circumstances surrounding the May last-minute change."

> Gamesa require specifications of prepregs which allow a number of different carbon fibers from different suppliers. **See Exhibits 3 and 4.** Vestas and Gamesa require a "standard modulus" large tow carbon fiber, and both PANEX 33 and PANEX 35 are large tow carbon fibers. Vestas and Gamesa will accept both for their orders.

(emphasis added).

Once again, the highlighted statement was removed from the affidavit. Defendant contends that Exhibits 3 and 4 were the specifications published by Vestas and Gamesa, respectively. In Exhibit 3, Vestas specifies "Toray T600," which defendant asserts is a small tow carbon fiber that is not comparable to PANEX 33. Similarly, in Exhibit 4, Gamesa specified a "typical tensile modulus in the range of 230-260 GPa." Defendant contends that Mr. Williams knew that PANEX 33 has a typical tensile modulus of 228, and thus does not satisfy Gamesa's specifications.

### Discussion

A party must obtain leave of court to take an additional deposition of a witness who has already been deposed in the same case. Fed.R.Civ.P. 30(a)(2)(B). Leave "shall be granted to the extent consistent with the principles stated in Rule 26(b)(2)." Rule 30(b)(2). Rule 26(b)(2) gives courts the power to limit discovery upon a finding that:

> (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Plaintiffs direct their arguments to the second and third Rule 26(b)(2) factors.  They first contend that defendant possessed both versions of the affidavit for two months before the deposition and thus could have examined Mr. Williams on this point during the January 31, 2006 deposition.  However, the alterations are not readily apparent and there is no basis to conclude that defendant was dilatory in this regard.  Furthermore, the Court does not find that defendant unnecessarily delayed filing its motion once it discovered the alteration in the Williams affidavit.  Plaintiffs also argue that because Mr. Williams resides and works in the United Kingdom, the burden of a second deposition would outweigh its benefits.  The Court disagrees.  The issues raised by the affidavits are relevant to resolution of the matters in dispute and defendant is entitled to examine Mr. Williams with respect to the affidavits and the topics contained therein.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion for leave to take deposition of Adrian Williams [#143] is **granted**.

**IT IS FURTHER ORDERED** that plaintiffs shall, within thirty days, produce Mr. Williams for deposition regarding the affidavit and the topics raised therein.

**IT IS FURTHER ORDERED** that defendant's motion to expedite ruling on its motion for leave [#144] is **termed**.

**IT IS FURTHER ORDERED** that defendant's motion to file an overlength brief [#139] is **granted**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 28th day of June, 2006.