UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| STRUCTURAL POLYMER GROUP, LTD., and STRUCTURAL POLYMER SYSTEMS, LTD., | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | No. 4:05-CV-321 (CEJ) |
| ZOLTEK CORPORATION, | ) ) ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on the motion of defendant Zoltek Corporation for attorney's fees pursuant to Rule 56(g), Fed.R.Civ.P. Plaintiffs oppose the motion and the issues are fully briefed.

## I. Background

On May 25, 2005, Adrian Williams, Head of Sales for plaintiff Structural Polymer Systems, executed a three-page affidavit, placing his initials in the lower right corner of each page. An administrative assistant faxed the affidavit to plaintiffs' counsel on May 26th. The affidavit was filed twice: first, on May 26th in support of plaintiffs' motion for leave to file an amended complaint, and again on May 27th, in support of plaintiffs' opposition to defendant's motion for summary judgment on Count I of the complaint. However, before filing the affidavit, plaintiffs' counsel edited the second page to remove references to four

exhibits.[1]  The page was retyped and Mr. Williams's initials were removed from each page.  Although the affidavit was filed without the exhibits attached, the exhibits themselves were among the thirteen exhibits filed on May 27th.  Plaintiffs "inadvertently" filed the original, unaltered affidavit on November 21, 2005, in support of their opposition to defendant's motion for summary judgment on Count II.  The defendant thereafter discovered that the original affidavit had been altered.

On June 12, 2006, defendant filed a motion to re-depose Mr. Williams, arguing that it was entitled to explore the circumstances under which the affidavit was altered.  In response, plaintiffs stated that the exhibits were contracts between plaintiffs and two of their customers.  "Upon receipt of these contracts from [plaintiff] SP, one of which was 50 pages and in Spanish, SP's counsel chose not to attach the contracts to the affidavit.  SP's counsel modified the affidavit to remove the reference to the exhibits, procured Mr. Williams' approval, and filed the affidavit."  In reality, the four exhibits together total 49 pages, seven of which are in Spanish.  The Court granted defendant leave to take a second deposition of Mr. Williams regarding the affidavit and the topics raised therein.

---

[1] The four exhibits were identified in the affidavit only as "Exhibit A," "Exhibit B," etc.  The documents at issue are a framework agreement between plaintiff SP Systems and its customer, Vestas Wind Systems; a purchasing specification from Vestas; a contract between plaintiff SP Systems and its customer, Gamesa Eolica; and a specification from Gamesa Eolica.

Mr. Williams appeared for a second deposition on July 28, 2006. He testified that he was attending an out-of-town business meeting on May 26, 2005, when he was notified by his office staff that plaintiffs' counsel had been trying to contact him. He consulted with counsel by telephone and consented to the filing of the affidavit without the exhibits. He could not recall the reason exhibits were removed from the affidavit.

**II. <u>Discussion</u>**

Rule 56(g) provides:

> **Affidavits Made in Bad Faith.** Should it appear to the satisfaction of the court at any time that any of the affidavits presented pursuant to [Rule 56] are presented in bad faith or solely for the purpose of delay, the court shall forthwith order the party employing them to pay to the other party the amount of the reasonable expenses which the filing of the affidavits caused the other party to incur, including reasonable attorney's fees, and any offending party or attorney may be adjudged guilty of contempt.

Defendant contends that the Williams affidavit contains materially false statements and that the exhibits were removed because they would have exposed the falsity.

Case law makes clear that no sanctions will be imposed under Rule 56(g) unless the court relies on the false affidavit in ruling on the summary judgment motion. <u>Faberge, Inc. v. Saxony Products, Inc.</u>, 605 F.2d 426, 429 (9th Cir. 1979); <u>Grube v. Lau Indus., Inc.</u>, 257 F.3d 723, 731 (7th Cir. 2001); <u>Sutton v. United States Small Business Administration</u>, 92 Fed. Appx. 112, 117-18 (6th Cir. 2003). The altered affidavit was submitted in opposition to defendant's motion for summary judgment on Count I. The Court denied that motion on February 21, 2006. Examination of the Memorandum and

Order indicates that the Williams affidavit was relied on for an uncontroverted point. Plaintiffs submitted the unaltered affidavit on November 21, 2005, in opposition to defendant's motion for summary judgment on Count II. Plainly, no sanctions can be imposed for submitting the unaltered affidavit.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion for attorney's fees pursuant to Rule 56(g) [#188] is **denied**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 25th day of September, 2006.