UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| STRUCTURAL POLYMER GROUP, LTD.,<br>and STRUCTURAL POLYMER<br>SYSTEMS, LTD., | ) <br> ) <br> ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) No. 4:05-CV-321 (CEJ) |
| | ) |
| ZOLTEK CORPORATION, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

**IT IS HEREBY ORDERED** that the proposed jury instructions

attached to this Order are **refused.**

CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 28th day of November, 2006.

# INSTRUCTION NO. 18

You should construe the Supply Agreement as giving meaning to all of the words that are used, and not construe the Supply Agreement in a way that gives some words no meaning at all.

**Source**: Interior Linseed Co. v. Becker-Moore Paint Co., 175 S.W. 308, 309 (Mo. App. 1915); Buck v. Harris, 102 S.W. 640, 640 (Mo. App. 1907).

## INSTRUCTION NO. 18-A

When determining the meaning of the Supply Agreement entered into between Structural Polymer Group and Zoltek, you should take into account the usage of trade in their industry. Usage of trade is a systematic way of doing business that is regularly observed in the line of business that the companies engage in such that the parties are justified in believing it will be observed with respect to their agreement.

**Source**:       Restatement (Second) of Contracts § 222(3); Mo. Rev. Stat. § 400.1-205(2)

## INSTRUCTION 18-B

Where an agreement involves repeated occasions for performance by either party with knowledge of the nature of the performance and opportunity for objection to it by the other, any course of performance accepted or acquiesced in without objection should be given great weight in the interpretation of the agreement.

**Source**: Restatement (Second) of Contracts § 202(4); Brozo v. Oracle Corp., 324 F.3d 661, 669 (8th Cir. 2003).

## INSTRUCTION NO. 23

Your verdict must be for Structural Polymer Group and against Zoltek on Zoltek's counterclaim for failing to return quarantined product if you believe:

First, giving a credit note, not collecting the quarantined product and/or otherwise abandoning it is inconsistent with Zoltek's breach of contract counterclaim against Structural Polymer Group for failing to return quarantined product, and

Second, Structural Polymer Group, on the faith of Zoltek's conduct, continued to do business with Zoltek and did not return the quarantined product, and

Third, there would be an injury to Structural Polymer Group resulting from allowing Zoltek to contradict or repudiate it giving the credit note, failing to collect the quarantined product and/or otherwise abandoning it.

**Source:** White v. Curators of University of Missouri, 937 S.W.2d 366, 370 (Mo. App. 1996)

## INSTRUCTION NO. 24

Your verdict must be for plaintiffs Structural Polymer Group and Structural Polymer Systems and against defendant Zoltek defendant's counterclaim for failing to pay for or return the quarantined PANEX 33 if you believe:

*First*, defendant Zoltek knew of its right to enforce the contract against plaintiffs, and

*Second*, defendant Zoltek waived its right to demand payment for the quarantined PANEX 33 by its failure to collect the product.

## INSTRUCTION NO. 26

Your verdict must be for Structural Polymer Group and against Zoltek on Zoltek's counterclaim if you believe:

First, Zoltek knew that Structural Polymer Group had the quarantined product, and

Second, Zoltek intentionally relinquished any right to that product by giving Structural Polymer Group a credit note, not collecting the quarantined product, and/or otherwise abandoning the quarantined product.

**Source:** Roeder v. Ferrell-Duncan Clinic, Inc., 155 S.W.3d 76 (Mo. App. 2004)

## INSTRUCTION NO. 28

A "material" breach of a contract is the failure to perform a promise contained in the contract which is essential to the agreement of the parties.

**Source:** Gray v. Bicknell, 86 F.3d 1472, 1485 (8th Cir. 1996) (interpreting Missouri law).

## INSTRUCTION NO. 29

Your verdict must be for Structural Polymer Group and against Zoltek on Structural Polymer Group's claim for breach of the Supply Agreement in Count I of the Complaint if you believe,

First, that effective on November 6, 2000, Structural Polymer Group entered into an agreement with Zoltek, whereby Structural Polymer Group agreed to purchase and Zoltek agreed to manufacture for and sell and supply 100% of the requirements of large filament count carbon fibers (either PANEX 33 or PANEX 35) of Structural Polymer Group, and

Second, Structural Polymer Group performed the material terms of the Supply Agreement, and

Third, Zoltek failed to perform the material terms of the Supply Agreement by either:

(a) failing to manufacture large filament count carbon fibers (either PANEX 33 or PANEX 35) for Structural Polymer Group, or

(b) failing to sell large filament count carbon fibers (either PANEX 33 or PANEX 35) to Structural Polymer Group, or

(c) failing to supply large filament count carbon fibers (either PANEX 33 or PANEX 35) to Structural Polymer Group, and

Fourth, Structural Polymer Group was thereby damaged.

**Source:** Missouri Approved Jury Instruction 26.06; Not-in-MAI 5-10.7; Marshall v. Edlin, 690 S.W.2d 477 (Mo. App. 1985)

## INSTRUCTION NO. 30

Your verdict must be for Structural Polymer Group and against Zoltek on Structural Polymer Group's claim for breach of the Supply Agreement in Count II of the Complaint if you believe,

First, that effective on November 6, 2000, Structural Polymer Group entered into an agreement with Zoltek, whereby Structural Polymer Group agreed to purchase and Zoltek agreed to manufacture for and sell and supply 100% of the requirements of PANEX 33 of Structural Polymer Group, and

Second, Structural Polymer Group performed the material terms of the Supply Agreement, and

Third, Zoltek failed to perform the material terms of the Supply Agreement by either:

(a) failing to manufacture PANEX 33 for Structural Polymer Group, or

(b) failing to sell PANEX 33 to Structural Polymer Group, or

(c) failing to supply PANEX 33 to Structural Polymer Group, and

Fourth, Structural Polymer Group was thereby damaged.

**Source:** Missouri Approved Jury Instruction 26.06; Not-in-MAI 5-10.7; Marshall v. Edlin, 690 S.W.2d 477 (Mo. App. 1985).

# INSTRUCTION NO. $\mathcal{A}$

If you believe Zoltek was obligated to sell PANEX 35 to plaintiffs under the terms of the 2000 Supply Agreement, your verdict must be for Zoltek on plaintiffs' claim for breach of the Supply Agreement in Count I of the Complaint if you believe the parties, by their conduct, treated the 2000 Supply Agreement as if it were no longer in effect, and thereby abandoned the 2000 Supply Agreement.

*Schwartz v. Shelby Const. Co.*, 338 S.W.2d 781, 788 (Mo. 1960)
*O'Brien & Gere Technical Services, Inc. v. Fru-Con/Fluor Daniel Joint Venture*, 380 F.3d 447, 456 (8th Cir. 2004)
Submitted by Defendant

# INSTRUCTION NO. $\mathcal{B}$

Your verdict must be for Zoltek on plaintiffs' claim for breach of the Supply Agreement in Count II of the Complaint if you believe the parties, by their conduct, treated the 2000 Supply Agreement as if it were no longer in effect, and thereby abandoned the 2000 Supply Agreement.

*Schwartz v. Shelby Const. Co., 338 S.W.2d 781, 788 (Mo. 1960)*

~~MAI 36.01 [1980 Revision]~~ Modified *O'Brien & Gere Technical Services, Inc. v. Fru-Con/Fluor Daniel Joint Venture,*

Submitted by Defendant

*380 F.3d 447, 456 (8th Cir. 2004)*

**INSTRUCTION NO. 9 [Modification of Former No. 14]**

If you believe Zoltek was obligated to sell PANEX 35 to Structural Polymer Group under

the terms of the 2000 Supply Agreement, your verdict must nevertheless be for Zoltek on

Structural Polymer Group's claim for breach of the Supply Agreement in Count I of the

Complaint if you believe:

First, either:

Structural Polymer Group purchased carbon fiber from other suppliers when Zoltek
carbon fiber was suitable, or

Structural Polymer Group failed to exercise good faith and fair dealing in the
performance of the 2000 Supply Agreement, or

Structural Polymer Group failed to return the quarantined carbon fiber to Zoltek, and

Second, because of such conduct, in any one or more of the respects submitted in

paragraph First, plaintiffs' contract obligations, which were essential to the agreement of the

parties, were not performed.

MAI 26.02 [1980 Revision] Modified
*Gray v. Bicknell*, 86 F.3d 1472, 1485 (8th Cir. 1996)
Submitted by Defendant

**INSTRUCTION NO. 11 [Modification of Former No. 18 – for Count I]**

Your verdict must be for Zoltek on Structural Polymer Group's claim for breach of the Supply Agreement in Count I of the Complaint if you believe that, under the terms of the 2000 Supply Agreement, Structural Polymer Group was permitted to purchase carbon fiber from a supplier other than Zoltek, if another supplier's price was lower, and as a result, Structural Polymer Group was not required to purchase carbon fiber exclusively from Zoltek.

MAI 33.05(1) [1993 Revision]
Submitted by Defendant

**INSTRUCTION NO. 12 [Modification of Former No. 19 – for Count I]**

Your verdict must be for defendant Zoltek on Structural Polymer Group's claim for breach of the Supply Agreement in Count I of the Complaint if you believe that, under the terms of the 2000 Supply Agreement, Structural Polymer Group was permitted to purchase other carbon fiber in place of suitable Zoltek carbon fiber and as a result, Structural Polymer Group was not required to purchase carbon fiber exclusively from Zoltek.

MAI 33.05(1) [1993 Revision]
Submitted by Defendant

**INSTRUCTION NO. 19 [Modification of Former No. 18 – for Count II]**

Your verdict must be for Zoltek on Structural Polymer Group's claim for breach of the Supply Agreement in Count II of the Complaint if you believe that, under the terms of the 2000 Supply Agreement, Structural Polymer Group was permitted to purchase carbon fiber from a supplier other than Zoltek, if another supplier's price was lower, and as a result, Structural Polymer Group was not required to purchase carbon fiber exclusively from Zoltek.

MAI 33.05(1) [1993 Revision]
Submitted by Defendant

**INSTRUCTION NO. 20 [Modification of Former No. 19 – for Count II]**

Your verdict must be for defendant Zoltek on Structural Polymer Group's claim for breach of the Supply Agreement in Count II of the Complaint if you believe that, under the terms of the 2000 Supply Agreement, Structural Polymer Group was were permitted to purchase other carbon fiber in place of suitable Zoltek carbon fiber and as a result, Structural Polymer Group was not required to purchase carbon fiber exclusively from Zoltek.

MAI 33.05(1) [1993 Revision]
Submitted by Defendant

## INSTRUCTION NO. 23 [New]

Damages must be reasonable. If you should find that the Plaintiffs are entitled to a verdict, you may award them only such damages as will reasonably compensate them for such loss and damage as you find, from a preponderance of the evidence in the case, that they have sustained as a proximate result of the as a proximate result of the defendant's conduct as submitted in Instruction No. _____. You are not permitted to award speculative damages. So, you are not to include in any verdict compensation for any prospective loss which, although possible, is not reasonably certain to occur in the future.

Devitt, Blackmar & Wolff, *Federal Jury Practice and Instructions*, § 85.14 (4th ed. 1987); *C.L. Maddox, Inc. v. Benham Group, Inc.*, 88 F.3d 952 (8th Cir. 1996)
Submitted by Defendant

## INSTRUCTION NO. 26 [Formerly Plaintiffs' No. 16]

Missouri law implies a covenant of good faith and fair dealing in every contract. The covenant of good faith and fair dealing prevents one party to a contract from exercising a judgment conferred by the express terms of the agreement in a manner that evades the spirit of the transaction or denies the other party the expected benefit of the contract.

*Farmers' Elec. Co-op., Inc. v. Mo. Dept. of Corrections*, 977 S.W.2d 266, 271 (Mo. 1998) (en banc); *Environmental Protection, Inspection & Consulting, Inc. v. City of Kansas City*, 37 S.W.3d 360, 366 (Mo. Ct. App. 2000)
Submitted by Defendant

## INSTRUCTION NO. 27 [New]

If a party fails to call a person as a witness who has knowledge about the facts in issue, and who is reasonably available to the party, and who is not equally available to the other party, then you may infer that the testimony of that person is unfavorable to the party who could have called the witness and did not.

O'Malley, Greenig and Lee, *Federal Jury Practice and Instructions* (5th Ed. 2000) § 104.25
Submitted by Defendant

## INSTRUCTION NO. 28 [New]

The court has determined that the 2004 Supply/Purchase Agreement is unambiguous and

is a complete contract, representing the entire agreement of the parties.

*Butler v. Local Union 823, International Brotherhood of Teamsters, Chauffeurs, Warehousemen & Helpers of America*, 514 F.2d 442, 452 (8th Cir. 1975), disapproved on other grounds, *International Broth. of Elec. Workers v. Foust*, 442 U.S. 42 (1979)
Restatement of Contracts 2d § 210(3)
Submitted by Defendant