UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                          EASTERN DIVISION

STRUCTURAL POLYMER GROUP, LTD.,  )
and STRUCTURAL POLYMER           )
SYSTEMS, LTD.,                   )
                                 )
            Plaintiffs,           )
                                 )
      vs.                        )        No. 4:05-CV-321 (CEJ)
                                 )
ZOLTEK CORPORATION,              )
                                 )
            Defendant.            )

## MEMORANDUM AND ORDER

This matter is before the Court on defendant's motion for judgment as a matter of law. Plaintiffs have filed an opposition to the motion and the issues are fully briefed.

Plaintiffs filed a two-count complaint alleging that defendant refused to supply large-tow carbon fiber in breach of a ten-year requirements contract. They alleged in Count I that defendant breached the parties' agreement by refusing to provide PANEX 35 and in Count II that defendant failed to provide PANEX 33. On November 29, 2006, a jury entered verdicts in favor of plaintiffs in the amount of $21,138,518 on Count I and $14,906,377 on Count II for "actual damages" through December 31, 2006. The jury awarded no damages on plaintiffs' claims for future damages through December 31, 2010, when the Supply Agreement expires. Judgment was entered on the verdicts on December 7, 2006.

Defendant asks the Court to set aside the verdicts and enter judgment as a matter of law in its favor, asserting the following bases for its requested relief: (A) plaintiffs cannot recover on Count I because the evidence failed to show that the parties' 2000

Supply Agreement required defendant to provide PANEX 35; (B) plaintiffs breached the Supply Agreement when they purchased small-tow carbon fiber from competitors and reduced their purchases of large-tow carbon fiber from defendant; (C) the parties abandoned the Supply Agreement; (D) the Supply Agreement is not enforceable because it lacks exclusivity; (E) plaintiffs failed to show that they had any good faith requirements for PANEX 33 in April 2005; and (F) the evidence shows that plaintiffs' orders for PANEX 33 in April 2005 were unreasonably disproportionate.

I. **Legal Standard**

A court should render judgment as a matter of law when "a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue." Fed.R.Civ.P. 50(a). In ruling on a post-trial motion for judgment as a matter of law, the Court is directed to "consider the evidence in the light most favorable to the prevailing party, assume that the jury resolved all conflicts of evidence in favor of that party, assume as true all facts which the prevailing party's evidence tended to prove, give the prevailing party the benefit of all favorable inferences which may reasonably be drawn from the facts, and deny the motion, if in light of the foregoing, reasonable jurors could differ as to the conclusion that could be drawn from the evidence." Minneapolis Community Dev. Agency v. Lake Calhoun Assocs., 928 F.2d 299, 301 (8th Cir. 1991). "When the record contains no proof beyond speculation to support the verdict, judgment as a matter of law is appropriate."

-2-

Kinserlow v. CMI Corp., 217 F.3d 1021, 1026 (8th Cir. 2000) (internal citations omitted).

## II. Discussion

### A. PANEX 35

The Supply Agreement required defendant to provide plaintiffs' requirements for large-tow carbon fibers, which were defined as "Large Filament Count Carbon Fibers (the 'Carbon Fibers') as defined by Zoltek PANEX 33 specifications." Based upon this definition, defendant asserted that the agreement applied only to PANEX 33. Plaintiffs presented evidence that when the parties negotiated the agreement, they contemplated that defendant would introduce a new product that would meet or exceed the specifications of PANEX 33. Defendant's Chief Financial Officer, Dan Greenwell, participated in the negotiations. He testified that defendant intended to replace PANEX 33 with the new product. Based upon this evidence, the jury could have reasonably concluded that the parties intended the Supply Agreement to include any new carbon fiber with same specifications as PANEX 33. The jury heard evidence that PANEX 35 had the same material specifications as PANEX 33. There is a sufficient evidentiary basis for the jury's verdict on this issue. Defendant's motion will be denied on this point.

### B. Plaintiffs' Purchases of Small-Tow Carbon Fiber

Plaintiffs purchased small-tow carbon fiber from other manufacturers in 2001, 2002, and 2003; their purchases of PANEX products during those years were minimal. Defendant contends that

plaintiffs' use of small-tow fiber constitutes a breach of the Supply Agreement or, in the alternative, demonstrates bad faith on the part of the plaintiffs. At trial, evidence was presented that small-tow fiber is distinguishable from defendant's PANEX products and that the PANEX products were not suitable for plaintiffs' applications during these years. The jury could have reasonably concluded from the evidence that plaintiffs did not breach the Supply Agreement or act in bad faith by purchasing small-tow carbon fiber instead of the PANEX products.

### C. The Supply Agreement Was Abandoned

"In order to prove that a contract was abandoned, the abandonment must be demonstrated by positive and unequivocal acts . . . demonstrating a mutual intention to abandon the contract." Waddington v. Wick, 652 S.W.2d 147, 150 (Mo. Ct. App. 1983). Defendant argued in its trial brief that the evidence established that plaintiffs abandoned the Supply Agreement. Defendant now argues for the first time that the evidence establishes that the parties mutually abandoned the 2000 Supply Agreement. The Court will not address an argument raised for the first time in a post-trial motion.

### D. The Supply Agreement is Unenforceable for Lack of Exclusivity

Defendant asserts that the 2000 Supply Agreement lacked exclusivity, and therefore mutuality, because (1) the price protection clause permitted plaintiffs to buy carbon fiber from other manufacturers if offered at a lower price and (2) plaintiffs

purchased small-tow carbon fiber instead of PANEX products. This issue is fully addressed in the Court's consideration of defendant's motion for a new trial and need not be further discussed here.

### E. Plaintiffs Lacked Good Faith Requirements for PANEX 33 in 2005

Plaintiffs placed orders for PANEX 33 in April 2005 that defendant refused to fill. The jury was instructed that in order to return a verdict for plaintiffs on Count II, they had to find that the 2005 orders represented "plaintiffs' actual good faith requirements." Defendant argues that plaintiffs did not prove that they had actual requirements because they did not submit purchase orders from customers who were willing to accept product manufactured from PANEX 33. Plaintiffs presented evidence that demand for their carbon-fiber-based products was high. This evidence was sufficient to support the jury's finding that plaintiffs' had actual good faith requirements.

### F. Plaintiffs' 2005 Orders Were Disproportionate

Defendant contends that the 2005 orders were unreasonably disproportionate to plaintiffs' prior orders for PANEX 33. However, the jury found that the Supply Agreement covered PANEX 35 as well as PANEX 33. Evidence in the record indicates that in 2004 plaintiffs purchased PANEX 35 in large quantities and the Court cannot say that the April 2005 orders were unreasonably disproportionate when compared to plaintiffs' orders for PANEX 35.

After due consideration, and in light of the evidence and the applicable legal standard, the Court concludes that defendant has failed to establish that it is entitled to judgment as a matter of law.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion for judgment as a matter of law [#399] is **denied**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 11th day of April, 2007.